IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ROLAND DEXTER IVY, JR., § | |
| TDCJ #01764387, § | |
|     Petitioner, § | |
| VS. § | CIVIL ACTION NO. 3:16-CV-302 |
| § | |
| LORIE DAVIS, Director, Texas § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
|     Respondent. § | |
| § | |

## ORDER TO SHOW CAUSE

The petitioner, Roland Dexter Ivy, Jr. (TDCJ #01764387), seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge three state court felony convictions that were entered against him in 2012. For reasons that follow, it appears that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, the petitioner is ordered to show cause within **thirty days** why this case should not be dismissed.

### I. BACKGROUND

On January 19, 2012, Ivy pled guilty in state court to three charges of aggravated robbery (Dkt. 1 at pp. 2–3). Ivy took no action to challenge any of his convictions until August 28, 2013, when he filed a petition for a writ of habeas corpus with the Texas Court of Criminal Appeals ("TCCA"). *See* Texas Court of Criminal Appeals Docket Number WR-80,154-01. The TCCA denied relief on September 18, 2013. *See* Texas Court of Criminal Appeals Docket Number WR-80,154-01. Ivy later filed four other state

habeas petitions with the TCCA, all of which were either denied on the merits or dismissed as successive. *See* Texas Court of Criminal Appeals Docket Numbers WR-80,154-02; WR-80,154-03; WR-80,154-04; and WR-80,154-05. Ivy filed this federal habeas petition on October 12, 2016 (Dkt. 1 at p. 10; Dkt. 1-1 at p. 10).[1]

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

This federal habeas petition is subject to the one-year limitations period found in 28 U.S.C. § 2244(d). *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Section 2244(d) provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] This petition is deemed filed on the date on which Ivy deposited it into the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). The Court is assuming that Ivy deposited this petition into the prison mailing system on the date on which he signed it.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Essentially, subsections (B), (C), and (D) outline exceptions to the general rule, set forth in subsection (A), that a federal habeas petition must be filed within one year after the petitioner's conviction becomes final. *Flanagan*, 154 F.3d at 198. Section (d)(2) tolls limitations during the pendency of a properly filed state habeas petition. *Id.*

Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209–10 (2006).

Under Texas law, Ivy waived his right to appeal when he pled guilty. *See* TEX. R. APP. P. 25.2(a)(2). That being the case, his conviction became final, and the federal habeas statute of limitations began to run, on January 19, 2012, the date of judgment (Dkt. 1 at p. 2). *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (holding that if the defendant does not pursue relief on direct appeal through his state's highest court, "the conviction becomes final when the time for seeking further direct review in the state court expires"). Even if Ivy for some reason did have a right to appeal, he did not file a notice of appeal within 30 days of the imposition of his sentence as required by the Texas

Rules of Appellate Procedure, so his conviction became final on February 18, 2012. *See* TEX. R. APP. P. 26.2(a)(1); *Butler*, 533 F.3d at 317. Limitations therefore ran on either January 19, 2013 or February 18, 2013; and both dates are approximately three and a half years before the filing date of Ivy's federal habeas petition. Ivy's state habeas petitions—the first of which was filed on August 28, 2013—did not toll limitations because he filed them after the limitations period had expired. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).

Based on the foregoing, Ivy is **ORDERED** to show cause in writing within **thirty days** of the date of this order why this case should not be dismissed as barred by the governing statute of limitations. Ivy's motion for the appointment of counsel (Dkt. 7) is **DENIED**.

The Clerk of this Court shall send a copy of this Order to the parties.

SIGNED at Galveston, Texas, on July 11, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE