United States District Court
Southern District of Texas
**ENTERED**
September 19, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROLAND DEXTER IVY JR, § | | |
| TDCJ #1764387, § | | |
| § | | |
| Petitioner, § | | |
| VS. § | CIVIL ACTION NO. 3:16-CV-0302 | |
| § | | |
| LORIE DAVIS, § | | |
| § | | |
| Respondent. § | | |

## OPINION AND ORDER

Petitioner Roland Dexter Ivy, Jr. filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) ("Petition") claiming there was insufficient evidence to support his conviction for aggravated robbery. Petitioner is confined in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). Respondent filed a Motion for Summary Judgment (Dkt. 23) arguing that the Petition is time-barred, along with the relevant state court records (Dkt. 24). Petitioner responded to the Motion (Dkt. 31). After reviewing all of the parties' filings, the record, and the applicable law, the Court concludes that Respondent's motion should be granted and that the Petition should be dismissed as time-barred.

**I. Background**

On January 19, 2012, three Galveston County state trial court judgments for aggravated robbery were entered against Petitioner. *See* Dkt. 23-2 at 2 (10-CR-2251), Dkt. 23-2 at 9 (10-CR-2252), Dkt. 23-2 at 16 (10-CR-2253). Petitioner did not appeal the judgments of the state trial court. On June 11, 2013, Petitioner filed his first state

1 / 8

application for habeas corpus relief. Dkt. 24-1 at 16 (WR-80,154-01). Subsequently, Petitioner filed four other state applications for habeas corpus relief. *See* Dkt. 24-4 (WR-80,154-02), Dkt. 24-7 (WR-80,154-03), Dkt. 24-10 (WR-80,154-04), Dkt. 24-13 (WR-80,154-05).

In accordance to the prison mail-box rule, Petitioner filed his § 2254 petition on October 12, 2016. *See* Dkt. 1 at 11. Petitioner alleges that there is a lack of physical evidence linking him to the crimes for which he was found guilty. *See id.* at 6. Specifically, Petitioner claims that he did not commit a robbery while possessing a firearm, and that the state prosecutor lied about this fact. *Id.* Petitioner also alleges that he did not understand his rights, and that the proceedings violated the prohibition against double jeopardy. *Id.* at 7. Finally, Petitioner appears to allege that a psychological examination, which allegedly shows he suffers from mental limitations, was not considered during his criminal proceedings. *Id.* On February 21, 2018, Respondent filed the instant motion for summary judgment. Dkt. 23. The motion argues that Petitioner's § 2254 petition is time barred, and that his claims otherwise lack merit. *See* Dkt. 23.

On April 23, 2018, Petitioner filed his response to the motion for summary judgment. Dkt. 31. In his response, Petitioner repeats his claim that there was a lack of evidence to support the possession a firearm. *See id.* Petitioner further states that he was never given a discovery or police report, and that his attorney told him he would receive ninety-nine years in prison if he went to trial and knew he was incompetent. *Id.* Finally, Petitioner stats that tolling applies because he is at the Hodge Unit for psychiatric care and requires help to file his paperwork as he does not understand the law. *See id.* at 2.

## II. Summary Judgment Standard of Review

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts of the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ("evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), established a one-year statute of limitations for seeking habeas corpus relief in federal court. A federal habeas corpus petition challenging a state court judgment must be filed within one year from the date that the challenged conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final on February 20, 2012, when his time expired to pursue an appeal of the state court judgment. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (holding that a Texas conviction becomes final for limitations purposes when the time for seeking

further direct review expires). That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on February 20, 2013. *See* 28 U.S.C. § 2244(d)(1)(A).

Although Section 2244(d) provides for later accrual dates in certain circumstances, none apply in this case. Petitioner does not allege that he was subject to state action that impeded him from filing his petition in a timely manner, nor that a newly recognized constitutional right entitles him to relief. *See* 28 U.S.C. § 2244(d)(1)(B) & (C). To the extent Petitioner may rely on Section 2244(d)(1)(D), he has not shown that he brings any claim within one year of discovering its "factual predicate." *See Manning v. Epps*, 688 F.3d 177, 189-90 (5th Cir. 2012). As a result, the pending habeas corpus petition, executed by Petitioner on October 12, 2016, is over three years late, and is barred from federal review unless a statutory or equitable exception tolls the limitations period.

A habeas petitioner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which excludes from the AEDPA limitations period a "properly filed application for [s]tate post-conviction or other collateral review." A state application for collateral review is "*properly* filed" for purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). In other words, "a properly filed [state] application [for collateral review] is one submitted according to the state's procedural requirements." *Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006) (quoting *Lookingbill v. Cockrell*, 293 F.3d 256, 260 (5th Cir. 2002)). The record shows that Petitioner filed the first of five state applications for habeas corpus on June 11, 2013,

further direct review expires). That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on February 20, 2013. *See* 28 U.S.C. § 2244(d)(1)(A).

Although Section 2244(d) provides for later accrual dates in certain circumstances, none apply in this case. Petitioner does not allege that he was subject to state action that impeded him from filing his petition in a timely manner, nor that a newly recognized constitutional right entitles him to relief. *See* 28 U.S.C. § 2244(d)(1)(B) & (C). To the extent Petitioner may rely on Section 2244(d)(1)(D), he has not shown that he brings any claim within one year of discovering its "factual predicate." *See Manning v. Epps*, 688 F.3d 177, 189-90 (5th Cir. 2012). As a result, the pending habeas corpus petition, executed by Petitioner on October 12, 2016, is over three years late, and is barred from federal review unless a statutory or equitable exception tolls the limitations period.

A habeas petitioner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which excludes from the AEDPA limitations period a "properly filed application for [s]tate post-conviction or other collateral review." A state application for collateral review is "*properly* filed" for purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). In other words, "a properly filed [state] application [for collateral review] is one submitted according to the state's procedural requirements." *Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006) (quoting *Lookingbill v. Cockrell*, 293 F.3d 256, 260 (5th Cir. 2002)). The record shows that Petitioner filed the first of five state applications for habeas corpus on June 11, 2013,

which is almost four months past the date the statute of limitations ran. Petitioner's state applications do not act to toll Petitioner's statute of limitations date because they were all filed past the date in which the statute of limitations ran.

The Fifth Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010). Equitable tolling is an extraordinary remedy, which is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Supreme Court has clarified that a petitioner must show: "(1) that he has been pursuing his rights diligently[;] and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is not available where the petitioner squanders his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Petitioner fails in his efforts to demonstrate that he has pursued federal relief with diligence or that an extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); Dkt. 1, 31. The record shows that Petitioner waited nearly a year and a half from the date judgment became final before filing his first state habeas corpus application. Petitioner offers no explanation for the delay except that he that he relies on other people to file his paperwork because he does not understand the law. *See* Dkt. 1 at 10; Dkt. 31 at 2. Petitioner also claims that he suffers from mental illness and an intellectual disability. *See* Dkt. 1. Construing his petition liberally, the Court assumes Movant to argue that these inflictions played a part in his delay. Mental

incompetency may support a claim for equitable tolling, especially when combined with forced confinement and medication. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). However, the petitioner must still show he pursued his rights diligently, or that he was unable to pursue his rights during the incompetency period. *See Hulsey v. Thaler*, 421 Fed. Appx. 386, 391 (5th Cir. 2011) (finding equitable tolling did not apply when a petitioner failed to show why he could not file timely state and federal habeas petitions when the record showed no change in his abilities and he filed only untimely petitions). As in *Hulsey*, Petitioner provides no information that shows why he was unable to file state petitions during the limitations period, but then filed shortly after the limitations period ran. Further, ignorance of the law or lack of knowledge as to filing deadlines does not invoke equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Therefore, the Court finds that equitable tolling does not apply to Petitioner's petition.

A claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, but "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner must present new evidence in support of his claim and "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 399. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In his petition, Petitioner merely alleges there was a lack of evidence to support his conviction, and that the prosecution lied about him possessing a firearm. *See* Dkt. 1. However, Petitioner fails to allege further facts or present evidence that would not have

been available during these proceedings. *Id.* Therefore, even after liberally construing his petition, Petitioner does not present an actual innocence claim because he fails to show it is more likely than not that no reasonable juror would have convicted him after considering any newly discovered evidence or information. For the reasons above, Petitioner's § 2254 petition is time barred, and should be denied.

## IV. Certificate of Appealability

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V. Conclusion

Respondent's motion for summary judgment (Dkt. 23) is **GRANTED**. As a result, Petitioner's § 2254 petition (Dkt. 1) is **DISMISSED** with prejudice as time barred. A certificate of appealability shall not issue.

SIGNED at Galveston, Texas, this 19th day of September, 2018.

_____
George C. Hanks Jr.
United States District Judge